# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **MARY KATHARINE AVERY,** | |
|     **Plaintiff,** | |
| **v.** | **Civil Action No. 2:24-cv-00094 KD-B** |
| **SOUTHERN NATURAL GAS COMPANY, LLC,** *et al.* | |
|     **Defendants.** | |

## MOTION FOR LEAVE AND/OR TO COMPEL

**COME NOW, DEFENDANTS**, by and through their undersigned counsel to move this Court for leave to conduct a fact witness deposition outside of the discovery deadline and/or to compel a witness within the control of Plaintiff to appear for said deposition:

1.   Your undersigned respectfully advises that this is not the ordinary "Motion to Compel" in which the parties' counsel cannot resolve a dispute among themselves, but is a scenario in which all parties agree that a fact witness's deposition should occur but are having difficulty scheduling same.

2.   Plaintiff has testified, and there are not any written discovery disputes at this time. Counsel have agreed that Defendants will produce the 30(b)(6) witness

on May 8, 2025 for deposition. Your undersigned will coordinate with Plaintiff's produce its expert witness for deposition once all fact witnesses have been deposed.

3. In her initial disclosures, Plaintiff identified her sons, Alexander and Barron Avery, as witnesses in this case and advised that each should be contacted through her counsel.

4. Her son Alexander Avery was later identified as an expert witness on the issue of forestry/forest land valuation. He was subsequently withdrawn by Plaintiff as an expert before he was deposed. There is no other expert witness for Plaintiff.

5. On April 11, 2025, Defendants noticed the deposition of Plaintiff's sons, Alexander Avery and Barron Avery for fact witness depositions on April 24 and 25, 2025, respectively.

6. No objection was made by Plaintiff to these depositions.

7. Through informal discussions between counsel, it was learned that Alexander Avery's fact testimony would probably be cumulative and might be an unnecessary expenses and contrary to judicial economy. Plaintiff stipulated not to call Alexander as a witness at the trial of this action and Defendants therefore agreed to release him from the obligation to appear for deposition.

8. It is understood that Barron Avery (the lawyer son) wishes to testify in this matter at deposition and at trial.

9.   As recently as this week, Barron Avery has contacted Defendants directly (and not through counsel) to advise of his theory of damages in his mother's case, forecasting some of what he might testify to at a deposition. Defendants respectfully submit that a deposition is the appropriate forum for this input, and Defendants further respectfully submit that we need the Court's assistance in getting Barron Avery to make himself available for such a deposition.

10.   On April 24, 2025, Plaintiff's counsel confirmed that Barron Avery would not be appearing for the deposition noticed the following day due to Barron's work obligations/schedule and counsel discussed other dates to conduct his deposition.

11.   Your undersigned understands Barron Avery is a practicing attorney, with a principal office in Washington, D.C., and a very busy schedule. Neither Plaintiff nor Plaintiff's counsel have obstructed the taking of this deposition, and, upon information and belief, both plaintiff and her counsel believe that defendants are entitled to this deposition.

12.   At all times, Plaintiff and her counsel have agreed to produce Barron Avery voluntarily for deposition. Unfortunately, his busy schedule makes that difficult to accomplish. It may be the case that Barron Avery's earlier agreement that he would voluntarily appear for deposition has now become outside of Plaintiff's counsel's control.

13. Defendants respectfully submit that if Barron Avery is permitted to testify at trial and/or offer sworn affidavits at the dispositive motion stage, Defendants require his deposition.

14. Defendants respectfully submit that the instant application is not a "discovery dispute" as no party disputes that Defendants are entitled to take this witness's testimony. Rather, Defendants characterize this as a request for a limited variance from the discovery deadline contain in the scheduling order in this matter.

15. Defendants reserve the right to make all objections, motions to exclude, motions to disqualify, or motions in limine with respect Barron Avery's testimony, including any request for such relief made in the event that Barron Avery does not make himself available for deposition pursuant to the Court's directives.

16. Your undersigned certifies to the Court that the parties have been successfully working together to continue settlement discussions, to address discovery obligations, and to stipulate to certain issues that narrow the triable issues in this matter.

17. Your undersigned respectfully submits it may be helpful to Barron Avery to have an Order from this Court directing him to appear by a date certain so that he may decide to either appear or risk the consequences of not appearing as relates to his ability to offer his testimony later in this case.

**WHEREFORE, PREMISES CONSIDERED,** the Defendants respectfully pray for an Order granting leave from the discovery deadline of April 30, 2025, and directing Barron Avery's deposition to be taken on or before May 16, 2025, together with an Order compelling Barron Avery to appear for deposition on or before that date.

Respectfully submitted,

*/s/ Jerome C. Chapman IV*
GREGORY H. HAWLEY (ASB-8552-L69G)
JOHN S. JOHNSON (ASB-7114-H67J)
W. ALAN DUKE, JR. (ASB-6099-E60D)
JEROME C. CHAPMAN IV (ASB-2364-O42H)
*Attorneys for Defendants*

**OF COUNSEL:**
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
Telephone:  (205) 324-4400
Facsimile:  (205) 322-1163
E-mail:       ghawley@handfirm.com
                  jjohnson@handfirm.com
                  aduke@handfirm.com
                  jchapman@handfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 30, 2025 I have electronically filed the foregoing with the Clerk of Court using the CF/ECM System which will serve all attorneys of record, and/or served the following by U.S. mail, postage prepaid and properly addressed, and/or by electronic mail:

Joseph S. Dennis, Esq.
Taylor Martino, PC
Post Office Box 894
Mobile, Alabama 36601
*Attorneys for Plaintiff*

                                         */s/ Jerome C. Chapman IV*
                                         Of Counsel